IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TYREKE TRAYVONE MITCHELL                                                                    PLAINTIFF

v.                                       Case No. 1:23-cv-01059

LEROY MARTIN                                                                                 DEFENDANT

### ORDER

Currently before the Court is Plaintiff's failure to prosecute this matter. Plaintiff Tyreke Trayvone Mitchell submitted this 42 U.S.C. § 1983 action *pro se*, on June 9, 2023, in the Eastern District of Arkansas. ECF No. 1. The Eastern District Court transferred it to this Court on June 14, 2023. ECF No. 3.

On June 20, 2023, the Court entered an order directing Plaintiff to file an application to proceed *in forma paupris* ("IFP") as he failed to do so with his Complaint. ECF No. 6. The Court directed Plaintiff to respond with the completed IFP Application or the full filing fee by July 11, 2023. ECF No. 6. Also, on June 20, 2023, the Court entered an order directing Plaintiff to file an amended complaint by July 11, 2023. ECF No. 7. Both orders were returned to the Court as undeliverable mail on July 7, 2023.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

      Plaintiff has wholly failed to prosecute this case.  He has never communicated with this Court, and he failed to keep the Court appraised of his mailing address.  Accordingly, the Court cannot communicate with him.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED**, this 10th day of August, 2023.

      /s/ Susan O. Hickey
      Susan O. Hickey
      Chief United States District Judge